Missouri, Kansas & Texas Railway Company of Texas v. L. C. Chittim.

Decided December 5, 1900.

**1. Charge of Court—Considered as a Whole.**

In determining objections to a charge of court as not properly stating the law, the charge will be taken and construed as a whole.

**2. Same—Repetition.**

It is not error to refuse a special charge which would be merely a repetition of an instruction already given.

**3. Carriers—Damages to Cattle in Shipment—Measure of—Charge.**

See the opinion for a charge of court, in an action for damages to cattle during shipment, held not subject, as a whole, to objection that it left the jury uninstructed as to what care should have been used by the carrier, and that it made the defendant carrier liable for injury occurring on other connecting lines, and injury resulting from plaintiff's own negligence in overloading and keeping the cattle in the cars too long.

**4. Same—Shipper's Negligence Not Barring Recovery Entirely.**

Though the shipper may have been negligent in failing to unload, feed, water, and rest his cattle, as it devolved on him to do under the contract of shipment, yet such negligence would only preclude him from recovering such damages as ensued therefrom, and would not bar his recovery of damages that were proximately caused by the negligence of the carrier.

Appeal from Bexar. Tried below before Hon. J. L. Camp.

*Denman, Franklin, Cobbs & McGown,* for appellant.

*Clark, Ball & Fuller,* for appellee.

NEILL, Associate Justice.—This suit was brought by appellee against the Missouri, Kansas & Texas Railway Company and appellant for damages to a certain shipment of cattle caused by the alleged negligence of said companies. The appellant answered by general and special exceptions, and plead that the shipment was made under a written contract limiting its liability in the following particulars: (1) The shipper assumed the damages from overloading; (2) it limited appellant's liability for damages occurring upon its own line; (3) appellee

assumed all damages resulting from loading and unloading the cattle, and agreed to comply with the law as to .unloading for feeding and water every twenty-four hours. The appellant also plead that his damages resulted from contributory negligence.

. Upon the trial the court peremptorily instructed the jury to return a verdict in favor of the Missouri, Kansas & Texas Railway Company. As to appellant, the Missouri, Kansas & Texas Railway Company of Texas, the cause as made by the pleadings and evidence was submitted to the jury, and a verdict returned against it in favor of the appellee for $2844. From the judgment against it the appellant has appealed.

*Conclusions of Fact.*—On the 12th day of April, 1899, the appellant, through its connecting carrier, the International & Great Northern Railroad Company, received from the appellee 776 head of cattle, to be transported over its line of railway from Taylor, Texas, to Vinita, I. T., and to be there delivered to a connecting line to be carried to Tulsa, I. T., their final destination. The contract under which appellant received the cattle for transportation was in writing, and contained stipulations limiting its liability in the particulars stated in appellant's answer. After the cattle were received by appellant they were, in transportation, handled by it in a rough, careless, and negligent manner, whereby they were bruised, thrown down and injured, and many of them died as the direct result of such negligent handling by appellant. Besides, appellant by its negligence· unnecessarily delayed transportation of said cattle over its line of railway. By the negligence of appellant as before stated, the appellee was damaged in the amount found by the jury.

*Conclusions of Law.*—As the assignments of error complain of the charge of the court and of its refusal to give certain special charges requested by appellant, we will here copy so much of the charge as the assignments pertain to, and as is necessary to be looked to in considering them:

"(2)  You are instructed that if you find from the testimony that said defendant, Missouri, Kansas & Texas Railway Company of Texas, received the cattle of plaintiff, as alleged, to be transported to Tulsa, I. T., and you further find that while being so transported some of said cattle died and others were injured and damaged, and you further find that said defendant failed to transport said cattle over its line of road within a reasonable time, or failed to use ordinary care in the handling and transportation of said cattle, and you further find that such failure, if any, was negligence, and that such negligence of said defendant, if any, was the proximate cause of the injury and damage, if any, to plaintiff's cattle, then you are instructed to find for plaintiff, unless you find for defendant under instructions hereinafter given you.

"(3)  Reasonable or ordinary care, as used in this charge, is such care

as would be exercised by an ordinarily prudent person under the same or similar circumstances.

"(4)   Negligence consists in a want of that care that would be exercised by an ordinarily prudent person under like or similar circumstances.

"(5)   Should you find for plaintiff, under the instructions herein given, you are instructed that the measure of damages, for the loss of cattle dying, if any, from injuries received in transportation, through the negligence, if any, of defendant, Missouri, Kansas & Texas Railway Company of Texas, is the market value of the cattle at the time and place of destination; as to those injured, if any, the difference between the market value, if any, of the cattle at the time and place of destination in the condition in which they would have arrived, if properly handled and transported, and their market value at the time and place of destination in the condition in which they did arrive there.

"(6)   The defendant, the Missouri, Kansas & Texas Railway Company of Texas, would only be liable for damages and injury, if any, done to said cattle by reason of the negligence, if any, of said company while said cattle were in the possession of said company and on its own line of road.   The court instructs you that if you believe from the evidence that the plaintiff negligently overloaded the cattle in the cars for transportation to Tulsa, and that his negligence in that particular, if any, contributed to the damage suffered by his said cattle, if any, then you will return your verdict for defendants, even though you may believe from the evidence that the defendants were negligent in handling plaintiff's cattle."

It is complained by the appellant that so much of the fifth paragraph as attempts to give the measure of damages as to the cattle which were injured, is erroneous in this:   (1) That it requires the jury to take as a basis of calculation cattle "properly handled and transported," and left the jury to determine what care should have been used by appellant, whereas the law only requires a carrier to transport with reasonable care, and makes the difference between the market value of cattle handled with such care and the condition of the cattle delivered the measure of the shipper's damages.   (2) There being some evidence tending to show that plaintiff's damages resulted in part from the negligence of others, the jury should have been instructed that the measure of his damages was the difference in the market value of his cattle in the condition in which they would have arrived *but for appellant's negligence,* if any, and their condition upon arrival as damaged by appellant's negligence; whereas the charge made the condition of the cattle, "if properly handled and transported," the basis of calculation, thereby including the negligence of all carriers handling the shipment from the initial point of their destination; and (3) the charge includes all damages which resulted from plaintiff's own negligence in overloading his cattle and keeping them in the cars for more than twenty-eight hours, which

should have been deducted by the jury in reaching the amount plaintiff was entitled to recover.

In determining whether the charge was obnoxious to the objections urged by the assignments, it should be taken and considered as a whole. When this is done, the phrase "properly handled and transported," appearing in the fifth paragraph, can only mean a handling with reasonable care. For, under the second paragraph of the charge, appellee was not permitted to recover unless appellant failed to transport the cattle within a reasonable time, or failed to use ordinary care in handling and transporting them. When the entire charge is considered, it is clear that the measure of damages fixed by the charge was the difference in the market value of the cattle in the condition in which they would have arrived at their destination had it not been for appellant's negligence, and their condition upon arrival as damaged through such negligence.

The second paragraph of the charge expressly limits plaintiff's recovery to such damages as were occasioned him by the negligence of the appellant, as well as does the fifth paragraph of the charge, which is complained of. If there could be any possible doubt about the second and fifth paragraphs confining the damages to such as were occasioned by appellant's negligence, the doubt is clearly dispelled by the sixth paragraph of the charge.

If, as we have before held, the charge limits plaintiff's right of recovery to such damages as ensued from the negligence of appellant, such limitation would exclude any damages that resulted from the negligence of overloading by plaintiff. If appellant deemed the evidence such as would authorize the court in submitting to the jury the questions as to whether there was overloading, and such overloading was caused by plaintiff's negligence, and injury to the cattle thereby resulted, it should have asked a special charge submitting such questions to the jury. We do not think that the evidence was such as called for such charge. Nor do we find evidence that any injury resulted to the cattle from appellee's keeping them in the cars more than twenty-eight hours. If there was any damage resulting from delay incident to feeding, watering, and resting the cattle in course of transportation, unless such delay was unreasonable and negligent, all damages, if any, ensuing therefrom were, by special charge number 8, given at the instance of appellant, required to be excluded by the jury in determining plaintiff's damages.

Special charge number 7, the refusal to give which is complained of in the second assignment of error, by which the court is asked to limit the damages to such as actually occurred upon the appellant's line, is given in substance in the sixth paragraph of the main charge, and as it would have been merely a repetition of the sixth paragraph to have given appellant's seventh special instruction, the court did not err in refusing to give it.

Special charge number 3, the failure to give which is complained of in appellant's third assignment of error, in effect precludes the plaintiff

from recovering any damages that might have accrued to him by the negligence of appellant, and requires a verdict absolutely in favor of the defendant, if plaintiff's cattle were damaged in any way by his negligence in failing to unload them every twenty-eight hours for the purpose of feeding, watering and resting them for at least five consecutive hours. Though plaintiff may have been negligent in failing to unload, feed, water, and rest his cattle, yet such negligence would only preclude him from recovering such damages as ensued therefrom, and would not bar his recovery of damages that were proximately caused by the negligence of appellant. Therefore the court did not err in refusing to give said special charge.

The judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused.