T. M. BROOKS v. HIBBARD, SPENCER, BARTLETT & COMPANY.

Decided January 5, 1907.

**1.—Unrecorded Deed—Judgment Creditor—Execution Sale.**

A judgment creditor and purchaser thereunder takes superior title to real estate as against a vendee holding under an unrecorded deed even though no part of the money bid at such sale is actually paid, except the cost, and even though the attorney of the creditor had actual notice on the day of sale of the unrecorded deed, but neither the creditor nor the said attorney had such notice at the time the property was levied on.

**2.—Same—Separate Tracts—Possession of One Tract as Notice.**

Where several tracts of land are conveyed by the same deed, the possession by the vendee of one of such tracts, is not notice of his claim to the other tracts, his deed being unrecorded.

Appeal from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*Matlock, Miller & Dycus,* for appellant.—Under our registration laws the entry of credit on the execution under which real estate was sold, of the purchase price, is not such valuable consideration as makes the purchaser under execution a bona fide purchaser, but in order to make the purchaser at execution a bona fide purchaser he must part with a valuable consideration then paid and not merely credit the purchase price upon his execution. J. S. Brown Hwd. Co. v. Marwitz, 32 S. W. Rep., 78; First Nat. Bank v. Western Mortgage Co., 6 Texas Civ. App., 62; Bailey v. Tindall, 59 Texas, 540; Ayres v. Duprey, 27 Texas, 606.

The actual possession of a part of land conveyed in a deed is legal possession of the whole of the lands covered by the title under which the actual possession is taken. Allen v. Boggess, 94 Texas, 83; Nolan v. Grant, 1 N. W. Rep., 709; 2 Washburn Real Prop., 36, 497; Anderson v. Darby, 1 Nott & McC., 369; Eifert v. Read, 1 Nott & McC., 374; Bailey v. Carleton, 12 N. H., 9; Little v. Megquier, 2 Me., 176; Cluggage v. Duncan, 1 Serg. & R., 111; Williams v. Miller, 7 Fed. Rep., 186; Berryman v. Keller, 13 Fed. Rep., 269; Langworthy v. Myers, 4 Ia., 18; Smith v. McKay, 30 Ohio St., 417; Smith v. Gale, 144 U. S., 509-527; Gale v. Shillock, 29 N. W. Rep., 661.

Actual, open and notorious possession of land is sufficient notice of title in the occupant to render void a levy and an execution sale of the same as the property of the occupant's grantor. Markham v. Parker, 31 S. W. Rep., 82.

*Harris & Harris,* for appellee.—Under our registration laws a party who becomes a lien creditor of a person who has the legal title to lands by levying an execution on the same, having no notice of the claim of a third person holding an unrecorded deed at the time of the levy, has a superior right to that of the holder of the unrecorded deed and the unrecorded deed as to such lien creditor is void. Rev. Civ. Stats. of Texas, art. 4640; Grace v. Wade, 45 Texas, 522; Morphy v. Smith, 50 S. W. Rep., 1040; Simpson v. Chapman, 45 Texas, 564; Grimes v. Hobson, 46 Texas, 419; Cavanaugh v. Peterson, 47 Texas, 207; Linn v. Le Compte, 47 Texas, 442; Borden v. McRae, 46 Texas, 401; Mainwarring v. Templeman, 51 Texas, 205; Barnett v. Squyres, 93 Texas, 193; Trust Co. v. Waco Bldg. Assn., 95 Texas, 48.

Where a person becomes a creditor within the meaning of article 4640 of Revised Civil Statutes of Texas, by levying an execution issued from a valid judgment, having no notice at the time of levying of an unrecorded deed made by the judgment debtor to another person, then and there his rights become fixed as superior to those of the vendee in the unrecorded instrument; and the fact that the plaintiff in judgment may afterwards be given notice of the said instrument by the record of the same or by verbal or written communication does not in any manner defeat nor subordinate his rights, and if he purchase at the sale he gets superior title; and the fact that he may credit the amount of his bid after paying costs of sale, etc., upon his judgment in nowise affects his rights. Grace v. Wade, 45 Texas, 522; McKamey v. Thorp, 61

Texas, 651; Central City Trust Co. v. Waco Bldg. Assn., 95 Texas, 48; Hicks v. Pogue, 76 S. W. Rep., 788.

The holding of a deed not recorded is no notice whatever. The unrecorded deed is in no manner notice of a claim of right to or interest in a lot or tract of land no part of which the claimant has in possession. Rev. Stats. of Texas, art. 3344; Bracken v. Jones, 63 Texas, 184; Craig v. Cartwright, 65 Texas, 422; Parker v. Baines, 65 Texas, 605; Porter v. Miller, 76 Texas, 593; Davidson v. Equitable Securities Co., 16 Texas Ct. Rep., 95.

SPEER, ASSOCIATE JUSTICE.—This suit, an action of trespass to try title, brought by appellee against appellant, was submitted to the district judge upon the following agreed statement of facts, and upon which he rendered judgment in appellee's favor:

"That plaintiff is a foreign corporation and has a permit to do business in the State of Texas.

"(1)   Heretofore on the 22d day of March, 1904, the title to the property in controversy herein was in J. C. McQuerry, who is the common source of title.

"(2)   On said day and date, to wit: the 22d day of March, 1904, said J. C. McQuerry, for a good, valuable and adequate consideration therefor, made, executed and delivered to T. M. Brooks and the other defendants herein deeds for said property.

"(3)   After the date of the deeds to T. M. Brooks and other defendants herein from J. C. McQuerry they were duly and regularly registered in the office of the clerk of the County Court of Tarrant County, Texas, wherein said property was situated on, to wit, 12th day of September, A. D. 1904.

"(4)   The property in controversy herein is the following, to wit: Lots numbers 3, 4 and 5 in block number 31, Rosen Heights Addition to North Fort Worth; also lots numbers 8, 9 and 10 in block number 26, in Rosen Heights Addition to North Fort Worth, Texas; also lots numbers 11 and 12 in block number 60 of said Rosen Heights Addition to North Fort Worth, Texas, all of which was conveyed on the day and date hereinabove mentioned to T. M. Brooks.

"(5)   On the date of the execution of the deed hereinabove mentioned to T. M. Brooks, to wit, on the 22d day of March, 1904, the said Brooks went into actual possession of said lot number 12, in block number 60 herein mentioned, and continuously since said date has kept, retained and remained in possession of the said lot, but took no actual possession of any of said other lots prior to said execution levy. Lot 11 is contiguous to and adjoining said lot 12, but 11 and 12 are separate lots.

"(6)   On, to wit, 22d day of March, 1904, at the time he purchased the property in controversy herein and paid therefor, T. M. Brooks had no knowledge whatever that J. C. McQuerry was indebted to Hibbard, Spencer, Bartlett and Company in any sum whatever. At said time there was nothing of record in Tarrant County, Texas, to put the said T. M. Brooks upon notice that there was any indebtedness in favor of Hibbard, Spencer, Bartlett & Company against the said J. C. McQuerry.

"(7)   On, to wit, the 1st day of September, 1904, an execution which had been duly issued out of the County Court of Tarrant County, Texas,

upon a good and valid judgment in favor of Hibbard, Spencer, Bartlett & Company against J. C. McQuerry, was duly and regularly levied on said property in controversy herein, and said property was duly advertised for sale according to law and was sold by the sheriff of Tarrant County, Texas, in the manner and form provided by law for sheriff's sales of real estate on the first Tuesday of October, 1904, and the plaintiff in this case at said sale became the purchaser of said property, and in accordance therewith thereafter a deed was regularly executed by the sheriff of Tarrant County, Texas, to the plaintiff herein conveying said property, and afterwards, to wit, on the 4th day of November, 1904, the said deed was duly recorded in the deed records of Tarrant County, Texas, and since said time of levy and sale, plaintiffs have claimed title to said property under said levy, sale and deed. That said property was bid in by plaintiffs for the sum of $200, and after the payment of court costs, cost of sale, etc., the remainder of the purchase price of said property was credited on the judgment of the plaintiffs herein, Hibbard, Spencer, Bartlett & Company, against J. C. McQuerry, and no other money was actually paid except the costs.

"(8) At the time of the levy of said execution the plaintiff herein and his attorneys had no knowledge of the conveyance from J. C. McQuerry to T. M. Brooks of the property in controversy hereinabove mentioned, and the deed from said McQuerry to said Brooks had not at that time been filed for record.

"(9) Prior to the time when the plaintiff at the execution sale on the first Tuesday in October, 1904, purchased the property in controversy, as hereinabove mentioned, counsel for the plaintiff in this case, who was then representing the purchaser at the execution sale, was personally notified of the conveyance from said J. C. McQuerry to T. M. Brooks of the property in controversy herein."

The first question presented, that is, whether or not appellee's rights under the execution sale, irrespective of the question of possession hereafter noticed, are superior to those of appellant by virtue of the unrecorded deed through which he holds, is so thoroughly settled by the case of Grace v. Wade, 45 Texas, 522, and the many subsequent decisions following it, as to preclude discussion here.

The greatest difficulty arises upon appellant's proposition that he had constructive possession of all the land in controversy at the date of the levy of the writ of execution by reason of his actual possession of lot number 12 in block number 60. But this difficulty is more apparent than real. The unrecorded deed can not be considered as constructive notice of anything. The only constructive notice with which appellee is chargeable is that brought about by appellant's actual possession of lot 12. This possession undoubtedly put appellee upon notice of appellant's rights in that lot, but we do not believe the notice extended to his rights in other distinct lots or tracts in no way occupied by him merely because they were contained in the same instrument of conveyance with lot 12. The general rule undoubtedly is that actual possession of a part of a tract conveyed will be held to extend by construction to the boundaries of the tract so conveyed. This is the extent of the holding in Allen v. Boggess, 94 Texas, 83. But we know of no case in which such possession has been held to extend by construction to other

and distinct tracts, even though conveyed by the same instrument. (Galveston Land & Imp. Co. v. Perkins, 26 S. W. Rep., 256; Tritt v. Roberts, 64 Ga., 156; Griffin v. Lee, 90 Ga., 224, 15 S. E. Rep., 810; Carstarphen v. Holt, 96 Ga., 703, 23 S. E. Rep., 904.)

We find no error in the court's judgment and it is therefore in all things affirmed.

*Affirmed.*