### JOHN P. DAVIDSON v. J. E. WILLS.

Decided June 25, 1909.

**1.—Interest—Judgment—Pleading.**

A judgment allowing a recovery for a larger amount of interest than that claimed in the petition is erroneous.

2.—Same—Appeal—Costs.

Where the judgment was for an amount of interest larger than was claimed in the petition, the judgment was reformed in that respect and affirmed; and it appearing that the error was not called to the attention of the trial court in the motion for new trial or otherwise, the appellant was taxed with the costs of the appeal.

Appeal from the County Court of Nacogdoches County. Tried below before Hon. C. D. Mims.

*Ingraham, Middlebrook & Hodges,* for appellant.

*Blount & Garrison,* for appellee.

McMEANS, ASSOCIATE JUSTICE.—Plaintiff J. E. Wills sued the defendant John P. Davidson for certain commissions alleged to have been earned by him in the sale of a stock of goods belonging to defendant, alleging that acting under a contract with defendant he had, on February 1, 1903, effected an exchange of the goods for lands and other property, and that, in addition to the commission due him for his services in that regard, he was entitled to interest on the amount thereof at the rate of six percent per annum from the first day of March, 1903, and he prayed for judgment for his commissions and for interest from that date.

The court directed the jury that in case they found for plaintiff they should allow interest at six percent per annum from the time they should find that the exchange of the goods for lands was consummated.

The jury returned a verdict in favor of plaintiff for $710, as the amount of commissions due him, and for six percent per annum interest thereon from January 13, 1903, upon which verdict judgment was accordingly rendered. Defendant has appealed, and assigns as error the allowance by the verdict and judgment of interest for a time anterior to that for which interest is claimed in the petition.

It appears to be well settled that a judgment allowing a recovery for a larger amount of interest than that claimed in the petition is erroneous. Chapman v. Bolton, 25 S. W., 1001; Walker v. Lewis, 49 Texas, 123; Ferguson v. Reed, 45 Texas, 582. The assignment must be sustained. The judgment of the court below will by this court be reformed so that interest will be recovered from March 1, 1903.

Appellant in his motion for a new trial did not call the attention of the trial court to this error, nor otherwise seek to correct the error in the court below, and for this reason he will be taxed with the costs of this appeal. Haley v. Gatewood, 74 Texas, 281; Chapman v. Bolton, 25 S. W., 1001.

We have examined all the assignments of error urged by appellant in his brief, and are of the opinion that no reversible error is presented in any of them. The judgment of the court below, as reformed, is affirmed.

*Reformed and affirmed.*