GULF, COLORADO & SANTA FE RAILWAY COMPANY ET AL. v. C. E. SHULTS.

Decided May 11, 1910.

**1.—Charge—Statement of Issues.**

An introductory statement of the issues presented by the pleadings, made in a charge which elsewhere properly submits the questions of fact arising, can not be considered as instructing on the weight of evidence.

**2.—Charge—Carriers—Duty to Transport in Reasonable Time.**

An instruction that it was the duty of a carrier to transport the goods in a reasonable time was not erroneous.

**3.—Charge—Negligence—Allegations not Proven.**

A charge which refers to plaintiff's pleading for the acts of negligence to be considered by the jury, though some of these were not supported by evidence, was not prejudicial to defendant where, by a consideration of the entire charge, only those allegations which there was evidence to establish could be made the basis for recovery.

**4.—Charge—Measure of Damages—Assuming Fact.**

A charge that the measure of plaintiff's damages for injury to cattle in transportation by rail was the difference in their value at destination at the time and in the condition they were delivered and such value if properly handled and transported, was not erroneous as assuming the fact of delay and bad handling, where by previous paragraphs of the charge the jury could only consider the amount of damages after having first determined the fact of delay and negligent handling.

**5.—Charge—Other Instructions Covering.**

The refusal of a requested instruction is not ground for reversal where the issues it covers were properly and fully submitted by other portions of the charge. Where in a certain contingency the charge relieved one defendant from liability, he could not complain of the refusal of his requested instruction that in that event it was his codefendant and not himself who would be liable.

Appeal from the District Court of Llano County. Tried below before Hon. Clarence Martin.

*S. R. Fisher, J. H. Tallichet, S. W. Fisher,* and *Terry, Cavin & Mills,* for appellant, cited: On first assignment of error: N. Y. & T. Land Co. v. Gardner, 25 S. W., 739; Missouri, K. & T. Ry. Co. v. Rogers, 40 S. W., 849; International & G. N. R. Co v. Startz, 94 S. W., 207.

On second and third assignments of error: St. Louis, S. W. Ry. Co. v. Thompson, 103 S. W., 684; Chicago, R. I. & P. Ry. Co. v. Gillette 99 S. W., 712; San Antonio & A. P. Ry. Co. v. Turner, 94 S. W., 214;

Missouri, K. & T. Ry. Co. v. Kyser, 95 S. W., 747; Gulf, C. & S. F. Ry. Co. v. Levy, 76 Texas, 684; St. Louis, I. M. & S. Ry. Co. v. Jones, 29 S. W., 695.

On fourth and fifth assignments of error: Houston & T. C. R. Co. v. Davis, 109 S. W., 422; Railway Co. v. Berchfield, 33 S. W., 1022; O'Dair v. Railway Co., 38 S. W., 242; Railway Co. v. Waldo, 26 S. W., 1005; Railway Co. v. Artusy, 31 S. W., 319.

On error in 6th paragraph of charge: International & G. N. R. Co. v. Startz, 94 S. W., 207; Railway Co. v. Davidson, 61 Texas, 205; Railway Co. v. Nixon, 52 Texas, 28.

On refusal of second requested instruction: Galveston, H. & S. A. Ry. Co. v. Warnken, 12 Texas Civ. App., 647; s. c., 35 S. W. Rep., 72.

On sufficiency of evidence: Galveston, H. & S. A. Ry. Co. v. Warnken, 35 S. W., 72; Missouri, K. & T. Ry. Co. v. Rogers, 118 S. W., 738; St. Louis, I. M. & S. Ry. Co. v. Jones, 29 S. W., 695; Amer. Exp. Co. v. Smith, 31 Am. Rep., 564.

*J. H. McLean, (Sam'l Spears,* of counsel) for appellee.

That each of the defendants rested under the duty to transport said cattle over its line, etc., "within a reasonable time and with ordinary care," is a substantially correct statement of the duty resting upon them, though the expression "with reasonable diligence and ordinary care" may be more technically correct. Ft. Worth & D. C. Ry. Co. v. Greathouse, 82 Texas, 111; Galveston, C. & S. F. Ry. Co. v. Porter, 25 Texas Civ. App., 491; San Antonio & A. P. Ry. Co. v. Turner, 94 S. W., 216; Galveston, C. & S. F. Ry. Co. v. Baugh, 42 S. W., 246; St. Louis, I. M. & S. Ry. Co. v. Gunter, 86 S. W., 940; Rock Island & P. Ry. Co. v. Gillett, 99 S. W., 713.

The former part of the court's charge having made plaintiff's right to recover depend upon negligence of the defendants directly and proximately resulting in damage to plaintiff's cattle, and the charge complained of being predicated upon the contingency that the jury found for plaintiff, the measure of damages as submitted by the court was correct and not a charge upon the weight of the evidence. Galveston, C. & S. F. Ry. Co. v. Jackson, 99 Texas, 343; San Antonio & A. P. Ry. Co. v. Wright, 20 Texas Civ. App., 136.

RICE, ASSOCIATE JUSTICE.—Appellee Schults and others whose claim for damages was assigned to him, shipped 17 cars of cattle on April 17, 1908, from Llano, Texas, to Fairfax, Oklahoma. These cattle were originally billed over the H. & T. C. Railway to Lampasas, thence over the Gulf, Colorado & Santa Fe and the Atchison, Topeka & Santa Fe to their destination, but on account of high water they were detoured from Temple to Ft. Worth over the M. K. & T. Railway, and then re-delivered to the Gulf, Colorado & Santa Fe. This suit was brought by appellee against all of said railway companies for the recovery of damages alleged to have been sustained to said shipment, owing chiefly to rough handling and delay in transit.

Defendants each filed general denials, and all of them, except the Missouri, Kansas & Texas Railway Company of Texas, alleged that said cattle were shipped and carried by them under written contracts, lim-

iting their liability to acts of negligence occurring on their respective lines, and alleging that none such occurred; and, further, that if any damages were sustained by said cattle, it was not owing to the negligence of said companies, but was caused by said cattle being wild, unruly, old and poor, weak and unable to stand shipment, and by the inherent vice of said stock. The Gulf, Colorado & Santa Fe, in addition, interposed as a defense the plea that any damages that may have occurred on its line, resulted from unprecedented floods and washouts, by which the traffic thereover was interrupted, and for which it claims it was not responsible.

There was a jury trial resulting in a verdict for the plaintiff against all of the defendants except the Houston & Texas Central Railroad Company, in whose favor verdict was rendered, and judgment entered in accordance therewith. The Gulf, Colorado & Santa Fe and the Atchison, Topeka & Santa Fe alone appealed, and it follows that the judgment against the Missouri, Kansas & Texas Railway Company of Texas, as well as in favor of the Houston & Texas Central Railroad Company, must therefore be affirmed.

Outside of an assignment attacking the verdict on the ground of insufficiency of the evidence, the errors assigned relate chiefly to supposed defects in the charge of the court, and the failure to give a special charge requested by appellants.

We overrule the first assignment complaining of the preliminary part of the court's charge, wherein it undertakes to advise the jury of the substance of plaintiff's allegations, asserting that the same is a charge upon the weight of the evidence, because we do not think that the statement of the case as made by the court can be so regarded, when taken in connection with the balance of the charge. The portion complained of is merely introductory and a statement of the issues as made by the pleadings. See Missouri, K. & T. Ry. Co. v. Kyser & Sutherland, 43 Texas Civ. App., 322, 95 S. W., 746.

The substance of the second and third assignments of error is to the effect that the court erred in telling the jury, that it was the duty of appellants to transport and deliver plaintiff's cattle within a reasonable time, because, as they contend, it was merely the duty of said carriers to *exercise ordinary care* to so transport and deliver them. We think this charge is in accordance with the authorities on the subject, and that it was the unquestioned duty of appellants to transport and deliver said cattle within a reasonable time, and that the charge is not open to the objection made against it. In Hutchison on Carriers, vol. 2, sec. 651, it is said: "As to the time within which the carrier is bound to complete the transportation of the goods, when no time is expressly agreed upon, the rule can not be more satisfactorily laid down than that it must be done with all convenient dispatch, with such suitable and sufficient means as he is required to provide for his business, which is commonly defined as a reasonable time. This duty to deliver within a reasonable time is one engrafted by the law upon the principal contract, which is to carry safely." The same doctrine is announced in Elliott on Railways, vol. 4, sec. 1482.

The above quoted text is supported by numerous authorities, among them the following: Gulf, Colorado & Santa Fe Railway Co. v. Porter,

25 Texas Civ. App., 491, 61 S. W., 345; San Antonio & A. P. Ry. Co. v. Josey, 6 Texas Ct. Rep., 472; International & G. N. Ry. Co. v. Young, 72 S. W., 68; Chicago, R. I. & P. Ry. Co. v. Gillett, 99 S. W., 713; Hewitt v. Railway Co., 63 Iowa, 611; Cin., Ind., St. L. & C. Ry. Co. v. Case, 122 Ind., 310; Philadelphia, Wil. & Balt. R. Co. v. Lehman & Bro. 56 Md., 209, 40 Am. R., 415. These assignments are therefore overruled.

The fourth and fifth assignments complain that the court erred in the fifth paragraph of its charge, because the same submits to the jury to be passed on by them, each and every allegation of negligence contained in plaintiff's petition, whereas, many of said allegations were not supported by the evidence as against appellants. While the charge does refer to the petition for acts of negligence, still, we disagree with appellants that the same could have had any harmful effect, because, when the entire charge is considered (and it must be so treated) it will be found that the jury were told that, after finding damages generally, then same must be assessed against each defendant only in proportion to the amount so contributed by them to such damage. And they were further told that they could assess no damage against any defendant, except such as they may find from the evidence, was directly and proximately caused by the negligence of that particular defendant. This, we think, relieves the charge from the objection made; hence, these assignments are overruled.

The sixth paragraph of the court's charge is as follows: "If you find a verdict in favor of the plaintiff for damages, you will fix the amount at the difference, if any, between the value of the plaintiff's cattle at Fairfax, Oklahoma, at the time and in the condition you find from the evidence they were delivered there, and what you find from the evidence the value would have been, if they had been transported and delivered by defendant within a reasonable time and with ordinary care; and if you find that any of plaintiff's cattle were killed, and that the same was the direct and proximate result of negligence on the part of defendants, then you will assess the damage at what the value of said cattle, if any, would have been had they been delivered at Fairfax within a reasonable time, and with ordinary care . . . "

This charge is assailed as being on the weight of the evidence, in that it stated as a fact that defendants did not transport and deliver plaintiff's cattle with ordinary care, or within a reasonable time. Appellee insists that since the former part of the court's charge made plaintiff's right to recover depend upon negligence of the defendants which directly and proximately resulted in damage to plaintiff's cattle, and, as the charge complained of was predicated upon the contingency that the jury find for plaintiff, the measure of damages submitted by the court was correct, and not a charge upon the weight of the evidence. We are inclined to adopt this view, and hold that the charge is not subject to the objection urged. See Gulf, C. & S. F. Ry. Co. v. Jackson, 99 Texas, 343, 89 S. W., 970; San Antonio & A. P. Ry. Co. v. Wright, 20 Texas Civ. App., 136, 49 S. W., 147-8.

By their special charge No. 2, appellants requested the court to charge the jury that if they believed from the evidence, that when this shipment arrived at Shawnee, there was not sufficient time to get

the same through the terminals at Shawnee, and out to Fairfax within thirty-six hours from the time when said cattle were re-loaded at Temple, and that said lack of time, if any, was caused by negligent delays on the line of the M. K. & T. and not on the lines of appellants, then that said M. K. & T. and not these appellants, would be liable for such damage, if any, as was directly and proximately caused by the unloading of said cattle at Shawnee, instead of shipping them through to Fairfax.

We think the refusal of this charge was not error, because, at the instance of appellants, the court gave a special charge which substantially covered this phase of the case, wherein the jury were told that the defendants were forbidden to keep live stock on the cars, for longer than twenty-eight hours without unloading them for food, water and rest, unless there was a written request or demand from the shipper, or man in charge, that they be kept on the cars for a greater time, not exceeding thirty-six hours. And the jury were further instructed, that if they believed from the evidence, that when the cattle involved in this shipment arrived at Shawnee, there was found not sufficient time to get them through Shawnee and transport them to Fairfax, and unload within thirty-six hours from the time said cattle were re-loaded at Temple, then it was the duty of the Atchison, Topeka & Santa Fe Company to unload same at Shawnee for food, water and rest, and that plaintiff in such event could not recover of said defendant any damages, if any, which they may believe from the evidence were caused by said cattle being unloaded at said place.

The above, together with the main charge, which expressly told the jury that they could not find against any defendant for the negligence of another, we think fully presented all of the issues on this phase of the case that it was necessary to submit to the jury. It is unimportant and immaterial to these appellants that the jury should have been also told, that in this event they must find against the M. K. & T. for such damages, if any, because, if they themselves were relieved under such contingency from damages, then they had no right to complain that the court refused to charge that the jury should find against their co-defendant for such damage. Hence, we overrule the seventh assignment, complaining of this matter.

The remaining assignments are on the facts. Suffice it to say that we think the evidence is sufficient to sustain the verdict; and, finding no error in the proceedings of the trial court, its judgment is, in all things, affirmed.

*Affirmed.*

Writ of error refused.