SAN ANTONIO & A. P. RY. CO. et al. v. SUTHERLAND.   (No. 5924.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 5, 1917.)

1. JUDGMENT ⬤⟺256(7)—CONFORMITY TO VERDICT—INTEREST.

In an action for negligence in transporting cattle, interest was properly included in the judgment, though the special verdict contained no finding respecting interest.

2. APPEAL AND ERROR ⬤⟺1171(4) — TRIVIAL ERRORS—AMOUNT OF RECOVERY—INTEREST.

Where plaintiff prayed for interest from April 1st, and the court allowed interest from March 31st, the error involved such a trivial amount that the maxim, "De minimis non curat lex," applied.

3. COSTS ⬤⟺238(2)—ON APPEAL—MODIFICATION OF JUDGMENT.

The correction of the judgment with respect to the amount of interest allowed would not prevent the taxing of the costs of appeal against appellant who failed to seek a correction in the trial court.

4. APPEAL AND ERROR ⬤⟺1040(11) — HARMLESS ERROR — OVERRULING EXCEPTION TO PETITION.

In an action for negligence in transporting a shipment of cattle, the overruling of a special exception to an allegation not averring any fact, but stating the legal duties devolving upon the carriers by reason of their undertaking to transport the cattle, could not have harmed defendants.

5. APPEAL AND ERROR ⬤⟺1062(1)—TRIAL ⬤⟺352(5) — SPECIAL ISSUES — ASSUMPTION OF FACTS—HARMLESS ERROR.

In an action for negligence in transporting cattle, the court's charge preceding the special issues defined negligence, and positively told the jury that plaintiff could not recover for an injury or damage, unless occasioned by defendant's negligence. A special issue was submitted as to whether defendants were guilty of negligence, and this issue was singled out and emphasized by an instruction not to answer any further questions if they answered such issue "No." Issues were also submitted as to what the market value of cattle which died would have been at the time of the arrival of the shipment had they

been transported with ordinary care. *Held* that, while objections to these last-mentioned issues should have been sustained because technically they assumed that the cattle were not transported with ordinary care, the wording of the issues was harmless.

Appeal from District Court, Jim Wells County; V. W. Taylor, Judge.

Action by J. B. Sutherland against the San Antonio & Aransas Pass Railway Company and others. From a judgment for plaintiff, defendants appeal. Affirmed.

L. Broeter, of Alice, and Kleberg, Stayton & Picton and John S. McCampbell, all of Corpus Christi, for appellants. W. R. Perkins, of Alice, and H. S. Bonham, of Beeville, for appellee.

MOURSUND, J. J. B. Sutherland, as the assignee of a chose in action, sued the San Antonio & Aransas Pass Railway Company and the Gulf, Colorado & Santa Fé Railway Company for alleged damages to a shipment of cattle. The cattle were loaded at a blind siding called Los Machos, Tex., on the line of the San Antonio & Aransas Pass Railway Company, and were destined for Wadsworth, Tex., a station on the Gulf, Colorado & Santa Fé Railway Company. The shipper was G. W. Sutherland, and the consignee, L. V. Le Tulle. While in transportation the destination of the cattle was changed to Bay City, Tex. The plaintiff pleaded: Negligence generally; negligent handling; delay; rough handling. Defendants pleaded general denial, and that cattle were physically unable to stand the trip, and that 80 head were received at shipper's risk. The trial resulted in a verdict and judgment against the San Antonio & Aransas Pass Railway Company for $1,320, and against the Gulf, Colorado & Santa Fé Railway Company for $660.

In answer to special issues the jury found: (1) That the stock shipment was made as alleged by plaintiff; (2) that the stock were in such physical condition as to be able to stand shipping from Los Machos to Bay City, if handled with ordinary care, without damage other than that ordinarily incurred in transportation; (3) that defendants were negligent in the handling or transportation of the stock as pleaded by plaintiff; (4) that such negligence proximately caused injury or damage to the cattle which resulted in the death of some of them; (5) that 9 head of cattle died in transit as a result of the negligence of defendants; (6) that 35 head died after reaching destination as a result of the negligence of defendants; (7) that the market value of the 9 head at Bay City would have been $405 at the time of the arrival of the shipment at said place, had they been transported with ordinary care; (8) that the 35 head of cattle found in answer to question 6 were worthless in the condition in which they arrived at Bay City; (9) that the market value in Bay City of the 35 head, at the time of their arrival there, would have been $1,575

had they been transported with ordinary care; (10) that the amount of damages sustained by reason of negligence of the San Antonio & Aransas Pass Railway Company was $1,320, and the amount sustained by reason of the negligence of the Gulf, Colorado & Santa Fé Railway Company was $660; (11) that the loss complained of was not due solely to the fault of the shipper in shipping the cattle in the physical condition in which they were when delivered to the San Antonio & Aransas Pass Railway Company for transportation; (12) that the loss complained of was not due solely to the physical weakness of the animals themselves.

It is contended that the findings of the jury from 2 to 6, inclusive, above set out, are so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly unjust and erroneous. We conclude that the testimony is ample to sustain the findings and overrule the assignments relating thereto.

[1] It is also contended that as the special verdict did not contain any finding with respect to interest, the court committed a fundamental error in awarding interest at 6 per cent. from March 21, 1916, on the amount of damages ascertained from the findings of the jury to have been suffered by plaintiffs. There is no merit in the contention. Watkins v. Junker, 90 Tex. 584, 40 S. W. 11; T. & P. Ry. Co. v. Erwin, 180 S. W. 662; Hancock v. Haile, 171 S. W. 1053; M., K. & T. Ry. v. Gray, 160 S. W. 435.

[2, 3] Plaintiff prayed for interest from April 1, 1916, and the court allowed it from March 31, 1916. This mistake would no doubt have been corrected had it been called to the attention of the court in the motion for new trial, and error involves such a trivial amount that the maxim, "De minimis non curat lex," applies. Appellants have not asked for the correction of the judgment in regard to this trivial detail, but stand on the proposition that no interest should be allowed. If the mistake was of sufficient consequence to require correction appellants would nevertheless be taxed with the costs of appeal on account of having failed to seek a correction in the trial court. Davidson v. Wills, 56 Tex. Civ. App. 548, 121 S. W. 540.

[4] The seventh assignment complains of the overruling of a special exception to the petition, which was directed at a brief statement of the legal duties devolving upon the carriers by reason of having undertaken to transport the cattle. The allegation contains no averments of fact, it is true, but no possible harm could have resulted to defendants from the failure to sustain the exception. The assignment is overruled.

[5] Objections were duly presented to issues Nos. 7 and 9 relating to the value of cattle, based on the ground that in stating the measure of damages the language constituted an assumption that such cattle had not been transported with ordinary care. If the issues

stood alone they would be subject to the construction contended for, but the charge must be considered as a whole. The charge of the court, preceding the issues, contained a definition of negligence, and a positive instruction that the plaintiff could not recover for any injury or damage to the stock, unless such injury or damage was occasioned by the negligence of defendants. Question No. 4, which followed the one submitting the issue whether defendants were guilty of negligence as alleged by plaintiff, contained the instruction that if they answered No. 3 "No," they should not answer any further questions. Thus the issue, whether there was negligence, was singled out and emphasized, and we do not believe there is even a slight probability that the jury was led by the wording of issues 7 and 9 to think that the court believed the cattle had not been transported with ordinary care. The objections to the issues should have been sustained, because technically they were subject to the objections, but we do not believe that appellants suffered any injury by reason of the error complained of. In support of our conclusion, that the assignments complaining of the wording of said issues should be overruled, we cite G., C. & S. F. Ry. Co. v. Shults, 61 Tex. Civ. App. 93, 129 S. W. 845, Ft. Worth & R. G. Ry. Co. v. Montgomery, 141 S. W. 813, and M., K. & T. Ry. Co. v. Chittim, 24 Tex. Civ. App. 599, 60 S. W. 284.

The judgment is affirmed.