## EL PASO PRINTING CO. v. GLICK.
### (No. 448–3945.)

(Commission of Appeals of Texas. Section B. June 28, 1924.)

**1. Negligence ⬯138(3)—Submission of issue of invitation held warranted by evidence.**

In action for injury to one entering basement for purpose of appraising damages from water, evidence *held* to warrant submission of issue whether plaintiff was invitee of defendant lessee of building.

**2. Negligence ⬯32(1)—Ordinary care required as to invitee.**

The measure of duty owed to an invitee on premises of another is ordinary care.

**3. Negligence ⬯138(3)—Instruction on purpose in going on premises justified.**

In action for injury to one upon defendant's premises, for purposes of appraising and preventing damages from water leakage, fact that charge mentioned prevention of damages as one of plaintiff's purposes *held* not to render it erroneous, where plaintiff testified that one of his objects was to discover cause of leak so that it could be repaired; same being a phase of prevention of damages.

**4. Negligence ⬯139(1)—Instruction as to duty to licensee held properly denied.**

Instruction that defendant owed to plaintiff, on his premises by consent and acquiescence, only duty "not to willfully injure him," *held* properly refused, omitting qualification as to the element of affirmative negligence.

**5. Trial ⬯233(2)—Court's summary of plaintiff's allegations in preliminary paragraph of charge held not error.**

In action for injury to plaintiff while on defendant's premises, for purpose of appraising damages from leakage of water, action of court in summarizing, in preliminary paragraph of charge, allegations of plaintiff's petition, *held* not erroneous; there being evidence sufficient to warrant submission of issue raised thereby.

**6. Negligence ⬯134(3)—Evidence held to warrant finding of negligence as to licensee or invitee.**

Evidence *held* to warrant finding of negligence on part of lessee of building in leaving marble slab leaning against wall in basement which fell and injured plaintiff who was near it for the purpose of appraising damages from leakage of water.

**7. Negligence ⬯138(3)—Refusal to withdraw pleading or evidence of negligence of occupant of building held not error.**

In action for injury to plaintiff from fall of marble slab while he was in defendant's basement for purpose of appraising damages from leakage of water, refusal to withdraw pleading or evidence of defendant's negligence in leaving slab in place and position from which it fell and in having the basement poorly lighted, and permitting plaintiff to suffer without attention, and in failing to warn him, *held* not error in view of evidence.

**8. Trial ⬯351(2)—Failure to submit issues not requested not error.**

Failure to submit issues of unavoidable accident and contributory negligence *held* not error, in absence of any request for such submission.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by E. F. Glick against the El Paso Printing Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (246 S. W. 1076), and defendant brings error. Affirmed.

Isaacks & Lattner, Turney, Burges, Culwell, Holliday & Pollard, and Dan M. Jackson, all of El Paso, for plaintiff in error.

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Lea, McGrady, Thomason & Edwards, of El Paso, for defendant in error.

STAYTON, J. E. F. Glick was injured in a building leased and occupied by the El Paso Printing Company. He brought suit on that account and recovered judgment, which was affirmed by the Court of Civil Appeals. 246 S. W. 1076. The case is presented in this court upon eight assignments of error.

The injury occurred while plaintiff Glick was attempting to inspect the effects of water leakage that had developed in the basement of the building and had caused some damage to defendant's property stored there. Mr. Paul Heermans, the president of the company, had complained to its landlord and filed with him a claim for damages. The latter, through an architect, after the insistence of Mr. Heermans, had sent plaintiff to inspect the damage so that the correct amount of it might be estimated, and to ascertain the cause and nature of the leak so that it might be remedied. On plaintiff's arriving at the place of defendant's business, Mr. Heermans met him, asked him to go down to the basement, accompanied him there, and, shortly after they had inspected the point of the leakage, requested him to step over to a place a few feet distant to see the damage caused by it. In attempting to show this to plaintiff, Mr. Heermans caught hold of a heavy marble slab that was leaning against a wall, remarking that the damage was behind it, and at the same time attempting to move it. In this process, the slab was overbalanced and fell upon plaintiff's feet, injuring them severely.

The first assignment of error is directed to a passage of the charge which predicated liability upon the question of whether plaintiff was an invitee, and, if he was, upon the further question of whether the injury was caused by negligence on the part of Mr. Heermans in moving the stone. The defendant asserts that there was no evidence to support the issue of invitee but that it was merely shown that plaintiff was a licensee, bent upon his own business or upon that of the landlord, and that no duty was owed him save that of not willfully injuring him.

[1, 2] There is evidence, some of which has been stated, that plaintiff was invited by the president, general manager, and chief stockholder of the company, who was assuming charge of this matter and testified that he had exclusive control of the premises, to go into the basement and ascertain the damage, and also evidence that the defendant was interested in plaintiff's mission because a favorable report from him to the landlord would reasonably have had a bearing upon the settlement of the claim for damages. An instruction was therefore justified upon the issue of invitee; and, since the measure of duty to a person of that description is ordinary care, as charged, no error appears from the first assignment. Houston, etc., Co. v. O'Leary (Tex. Civ. App.) 136 S. W. 601; Foster Lumber Co. v. Rodgers (Tex. Civ. App.) 184 S. W. 761; Sherman & Redfield on Negligence (Streets Ed.) 706.

[3] The paragraph of the charge above discussed mentioned the prevention of damages as one of plaintiff's purposes in entering the basement. Defendant avers that there was no evidence of that purpose. Plaintiff testified that one of his objects was to discover the cause of the leak so that it could be repaired. This was a phase of the prevention of damage, and the court consequently did not err in submitting it under that heading.

[4] The second assignment of error complains of the refusal of a charge to the effect that one in possession and control of premises, owes no duty to another who, with the former's consent and acquiescence, enters the premises for his own purposes or for the purposes of a third person, further than "not to willfully injure" him. This charge was correctly refused because, among other reasons, it omitted as a qualification the element of affirmative negligence. Even if the evidence had shown that plaintiff was no more than a mere licensee, whatever the rule may be as to existing defects in the premises, defendant would have owed him the duty of not injuring him by negligent acts on the part of its agents coming within the scope of their employment. St. L. S. W. v. Balthrop (Tex. Civ. App.) 167 S. W. 249, and cases above cited.

[5] The third assignment of error is directed to the preliminary paragraph of the court's charge in which the allegations of plaintiff's petition were summarized. In this paragraph the court plainly and only attempted to state to the jury what plaintiff's allegations were, and, in the course of the outline, informed them that plaintiff averred that defendant was negligent in allowing the basement to remain poorly and insufficiently lighted during plaintiff's presence in the basement, in failing to warn him of the danger, in having the slab in an insecure position against the wall, and in pulling it from its place upon him. The court then proceeded, likewise, to summarize defendant's answer and special defenses, and, at the close of this preliminary statement, introduced the actual charge with the words, "as to the law of this case you are charged," and then proceeded to state rules of law and to submit, as the specific element of negligence upon which a verdict for plaintiff might be found, the act of pulling the slab from its position.

Defendant objected to this preliminary statement, upon the ground that there was no evidence to support the allegations regarding the lighting, the position of the slab, and the failure to warn, in a way sufficient to justify their being "called to the attention of the jury in the statement of the case."

Regardless of the state of the evidence, it

is not clear as an ordinary rule, that a trial court commits error in summarizing, as a preliminary part of the charge, the allegations of the parties, when the statutes themselves require that the pleadings be read to the jury before any evidence is introduced to support them, and permit them to be taken by the jury upon their retirement without qualification as to whether the proof has supported them or not. The point need not be decided, however, because it is considered that there was sufficient evidence of the elements of negligence mentioned in the objection to justify their being included in the outline of the pleadings and, if the charge had that effect, to justify their being submitted to the jury as grounds of recovery by plaintiff, and, therefore that no error is shown by the objection. Missouri, etc., Co. v. Kyser, 43 Tex. Civ. App. 322, 95 S. W. 747; Atchison, etc., Co. v. Cuniffe (Tex. Civ. App.) 57 S. W. 692; Gulf, etc., Co. v. Shults, 61 Tex. Civ. App. 93, 129 S. W. 845; Brashfield on Instructions to Juries, p. 207, and notes.

[6] Some of this evidence will be stated. The marble slab was 6 feet long, 3 feet wide, and 4 inches thick. It weighed over 1,100 pounds. It had been used by defendant as a composing stone up to the time defendant's place of business was moved to this location, but had then been substituted by another stone and stored in the basement in a corner. It rested there lengthwise upon a "2x4" in an almost balanced position with one edge against the wall. Its location was within 4 feet of a parallel partition wall that formed one of the boundaries of a place resorted to frequently by defendant's employees, including its president and virtual proprietor, Mr. Heermans. The space was dark. As any one connected with the business should reasonably have known, plaintiff was not familiar with the situation. The damage caused by the leaking water occurred behind the slab. Mr. Heermans had seen the leak and had been in the immediate vicinity several days prior to plaintiff's visit. He acted as if thoroughly familiar with the whole situation, including the damage behind the stone. On the occasion of the injury, having known for several hours beforehand that some one would likely be sent to examine the trouble, and having invited plaintiff on his arrival to do so and indicated to him the place of the leak, Mr. Heermans invited his attention to the point of the damage, saying, "Step over here and I will show you where the goods were damaged." Both men moved toward the place indicated, and squatted close to the slab, which plaintiff thought was a box. Mr. Heermans reached for this object with one hand saying, "Now, right here," applied his other hand, pulled, and, as the stone fell, exclaimed to plaintiff "look out." He gave no other caution or warning. The space between the walls and in the corner was, on account of its construction, too narrow to permit plaintiff's escape; and the slab fell upon his feet, with the result already mentioned. There was room outside this narrow space where plaintiff, if he had known of any danger, could have been in safety until the stone was removed or under control, but he had no reasonable cause to anticipate the necessity of that course,

While this evidence was not undisputed, it was present and could have been considered by the jury as showing negligence in any of the respects mentioned in the preliminary statement of the charge.

[7] Complaint is made in the fourth assignment of error that the trial court erred in refusing to withdraw from consideration the pleading "or any evidence offered thereon" to the effect that the defendant was negligent in leaving the slab in the place and position where it was left, in having the basement poorly lighted, in permitting plaintiff to suffer without attention, and in failing to warn him of danger.

The pleading and the evidence just noted justified the submission of all, excepting the third, of these elements of negligence, and, although it is clear that the trial court had no intention of submitting them, they should not have been eliminated even as surplusage, because they were circumstances that the jury might have properly considered in determining the act of negligence that was submitted, that is, the handling of the stone. The effect of the attendant circumstances upon the question of negligence is largely controlling, because an act in one setting may be the exercise of diligence, whereas in another it may be the perpetration of gross negligence. G. C. & S. F. v. Smith, 87 Tex. 348, 28 S. W. 520; San Antonio, etc., Co. v. De Ham, 93 Tex. 74, 53 S. W. 375.

Evidence bearing upon this phase of the case has, as stated, been set out in the examination of the third assignment of error. From it the inference is admissible that defendant in reason knew that plaintiff was unwittingly going into the scope of peril, where, from darkness and lack of warning, combined with the position of the stone, the narrowness of the place, and the action of Mr. Heermans, injury was reasonably probable, perhaps not to the extent, but in the nature, of that to be expected from a hidden deadfall.

It is concluded that the pleading and the evidence as to the position of the stone, the darkness of the place, and the failure of warning should not have been eliminated by the court, and, consequently, that no error is shown by the fourth assignment.

The fifth assignment of error involves the same points as the first, and for the same reasons should be overruled.

[8] The sixth and seventh, allege that the trial court erred in failing to charge upon the issues of unavoidable accident and contributory negligence. The complaints are

not that the court refused requested charges upon those issues, but that it erred in failing to submit them. In the absence of any request, this failure was not error.

The eighth assignment, with which the application is concluded, complains that there was neither pleading nor evidence to sustain the charge in certain respects that are involved in the first assignment of error and have already been considered. It has been observed that there was sufficient evidence; and an inspection of the transcript of the petition reveals that there was sufficient pleading.

As the rulings of the trial court that have been discussed were approved by the Court of Civil Appeals, and as we find no error in the decision, we recommend that the judgments of both of the courts below be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.