SEPT. TERM, 1837.

The State.
v,
Beasley.

such misjoinder is cured by verdict, and connot be taken advantage of by motion in arrest.

---

## THE STATE v. BEASLEY.

The word "*such*" in the 15th sec. of the 7th art. of the act concerning crimes and punishments, is probably a typographical or clerical inaccuracy, and should be rejected—the offence specified in that section having no necessary or natural connection with the one provided against in the section preceding.

McGIRK, Judge, delivered the opinion of the court.

The grand jurors for Perry county, at the December term of the circuit court, indicted Beasley for disturbing the peace of a family in the night time. There are two counts in the indictment. The first charges that in the night time, Beasely went to the dwelling house of one Winfield, his family being therein, and by loud and unusual noise disturbed the peace of the family. The second charges that the peace of the family was disturbed by the defendant at the dwelling aforesaid, the defendant being at the door of the house, and then and there using loud, offensive and indecent conversation, &c. The defendant appeared and moved the court to quash the indictment, for the following reasons: 1. There is no

SEPT. TERM, 1837.

The State.
v.
Beasley.

venue laid to the offence. 2. There is no offence charged in the indictment. 3d and 4th, the same as the second; which motion the court sustained; to reverse which, the State brings the cause here by writ of error.

As to the first reason, to quash, there is no foundation in the record for the objection; both county and township are named in the body of the indictment. As to the second objection, the difficulty arises out of the peculiar phraseology of the 14th and 15th sec. of the 7th art. of the act respecting crimes and punishments—R. C. 203.

The 14th section provides that "every person who shall take or keep possession of any real property by actual force or violence, without the authority of law; or, who being armed with a dangerous or deadly weapon, shall, by violence to any person in possession or entitled to possession, or by putting him in fear of immediate danger to his person, obtain or keep possession of any real property without the authority of law, shall on conviction, be adjudged guilty," &c.

Then the 15th sec. provides that "if any such person or persons shall, in the night time, wilfully disturb the peace of any neighborhood or of any family, by loud and unusual noise, loud and offensive, or indecent conversation, every person so offending shall be fined," &c.

The words "if any such person" create the objection. For the defendant, Beasley, it is argued by Mr. Cole that the word "such" refers the person in the 15th section back to the persons in the 14th section, who by violence and force get real property into their possession, without authority of law, and then by loud noises, &c. disturb the peace of a family or neighborhood, and to those, who, being armed with a dangerous weapon shall, by violence to any one, keep possession of any real property, contrary to law, &c., shall then, and in that condition, by loud noise, &c., disturb any family, &c.

The word "such" in the 15th sec. of the 7th art. of the act concerning crimes and punishments, is probably a typographical or clerical inaccuracy, and should be rejected—the offence specified in that section having no necessary or natural connection with the one pro-

I do not agree that this is the just interpretation of the 15th section. I am of opinion that the word "such" in the section got in by accident or carelessness. If the word is rejected, then the section will read, that if any person shall disturb the peace of a family or neighborhood, by loud and unusual noise, in the night time, he shall be punished. The object of the whole article appears to be, by its title, to punish offences against public peace, and the peace of persons; and what possible reason can be assigned why the legislature should only select those, as being capable of the crime, who had before that took or kept possession of some real property with-

out authority of law, by violence, and being armed with a dangerous and deadly weapon, without distinguishing whether the same should have been the property of the family or neighborhood disturbed by the noise or not? What difference can it make to the family or neighborhood, if their peace be broken, whether or not the offender had before committed the offence of turning or keeping some one out of his property unlawfully or not? As nothing salutary can be gained by limiting the construction to persons in the 14th section, and much is to be gained to the public by rejecting the word "*such*" in the 15th section, I think the word ought to be rejected, and that the judgment of the court below is reversed, and the cause remanded for a trial.