## The State v Acuff.

Indictment under the 9th sect. of 8th art. of the act concerning crimes and their punishments (R. C. 1835,) for defiling a white female under the age of eighteen years, confided to the care and protection of deft. Held that the statute includes not only guardians but all other persons to whose care or protection any such female shall have been confided, and that the word "of," following the word "or" and preceeding the words "any other person," must be rejected in order to render the section intelligible.

Abernathy for plaintiff; 1st that the act charged is an indictable cflen. e.

2. That if the act charged is indictable, it is sufficiently and properly charged in the indictment.

Authorities cited, in support of first point, Rev. Co. p. 297, 9th sec. article 8th, Mo. Rep. vol. 4th Gorden vs Zumalt, p. 570.

Howell, for defendant. There is no error, 1st. Because said act was intended to embrace the case of guardians only, who had the care and custody of their wards under the age of 18 years, and guardians of lunatics, idiots

or other kind of wards, except white ones. 2, Because it
never could have been intended to protect only white fe-
males under the age of eighteen years, and leave all other
kind of females, who may and have under our laws' guar-
dians, defenceless and unprotected; and 3, Because the act,
on which this indictment is intended to be engrafted, can-
not be made to embrace the case charged and set out in the
indictment without being partly rejected (See Mo. laws p.
207) which will never be done when sense can be made of a
statute as it stands; and further because said statute is per-
fectly sensible and intelligible as it stands, and effect to a
very good purpose may be given to every part of it. Other
guardians than those of white females under the age of
eighteen years may be appointed, (see, title in sane persons,
Mo. L. 323) all of whom would be unprotected, if the con-
struction be given that is contended for by the State.

Opinion of the Court delivered by Tompkins Judge.

Acuff was indicted in the Circuit Court, and on his mo-
tion the indictment was quashed, and, to reverse the judg-
ment of the Circuit Court quashing the indictment, the
State prosecutes this writ of error. The judgment charges
that Hannah M. Davis was confided to the care and protec-
tion of one Grenville P. Acuff by John Davis the father and
natural guardian of the said Hannah, she the said Hannah
being then &c. a white female under the age of eighteen
years &c. The indictment is framed on the 9th section of
the 8th article of the act concerning crimes and their pun-
ishments, found on page 207 of the digest of 1835. The
words of the ninth section are as follow viz: "If any guar-
"dian of any white female under the age of eighteen years,
"or of any other person to whose care or protection any
"such female shall have been confided, shall defile her by
"carnally knowing her, he shall, in cases in this act not other-
"wise provided for, be punished by imprisonment in the
"penitentiary not less than two years, or be fined not ex-
"ceeding five hundred dollars, or by both such fine and im-
"prisonment." On the part of the State, the Circuit at-
torney contends that the word "of," following the word "or"
and preceding the words "any other person," in this ninth

section ought to be rejected as superfluous, being, as he contends, either a typographical or a mere clerical error, while on the side of the defendant it is contended that the word "of" ought not to be rejected and that under this section of the ... no ... but a guardian appointed agreeably to law can be indicted. The original rolls, from which this act was printed, ... if we must resort to the usual ... constr-eing language, in order to ascertain the intent ... the law making power. According to the construction contended for by the counsel of the defendant in the Circuit Court, the ninth section should read thus. "... guardian of any white female under the age of eighteen years or any guardian of any other person to whose care protection any such female shall have been confided, shall &c." Most certainly this section was framed for the protection of white females under the ages of eighteen years, to. the words "any such female," refer as plainly to the proceeding words "females under the age of eighteen years" a. language can make them refer, and then the section would be unintelligble. The relative "whose," according to his own construction, relates to the preceding word guardian. To say then that if the guardian of any other person to whose care any such female, meaning a white female under the age of eighteen years of age, shall have been confided, shall defile her by carnally knowing her, he shall &c. be punished &c. would be to say what no one could under-

Indictment
under the 9th
sec. of 8th
art. of the
act concern-
ing crimes
and their
punishments
(R. C. 1835)
for defiling a
white female
under the age
of eighteen
years, confi-
ded to the
care and pro-
tection of
def. Held
that the

stand the meaning of; but if, as the Circuit attorney contends, we reject the word "of" it will be perfectly intelligible and the guardian or any other person, to whose care or protection any white female under eighteen years of age may have been confided, will be subject to the penalties of this section if he offend against it. Surely there can be no reason why it is not as criminal and as infamous in several other persons to violate such a trust, as it is for a guardian to do it. The judgment of the Circuit Court is, in my opinion, clearly erroneous and such also being the opinion of all this court, the judgment of that Court is reversed, and

the cause will be remanded to be proceeded in conformably
to this opinion.

statute includes not only guardians but all other persons to whose care The State
or protection any such female shall have been confided, and that the vs,
word "of," following the word "or," and proceeding the words "any A cuff,
other person," must be rejected in order to render the section intelligible.