STATE OF MINNESOTA *ex rel.* Minnesota Railway Construction Company *vs.* TOWN OF LAKE.

October 17, 1881.

Mandamus—Removal to District Court—Residence of Town.—Where a proceeding in *mandamus* was pending in this court on and before the 7th day of March, 1881, in which there then was and now is an issue of fact not finally heard or determined, the defendant, under the second proviso of chapter 40, Laws 1881, is entitled, upon the request of his attorney, to have the record therein transmitted to the district court of the county in which he resides.    For such purposes a town is to be taken as residing in the county of which it is a part.

**Same—Record Transmitted.**—The record to be transmitted consists of the original papers in the proceeding, together with certified copies or transcripts of such proceedings in this court as are not evidenced by original papers.

*Mandamus.* The alternative writ in this case was issued September 4, 1877, directed to the city of Lake City and the town of Lake, in Wabasha county. On March 11, 1879 an order was entered quashing the writ as to the city of Lake City, refusing a trial by jury, amending the answer of the town of Lake, and referring the case to a referee to take testimony. See *State* v. *City of Lake City,* 25 Minn. 404. The case was in that condition, the referee not yet having made any report, when respondent made this motion to transfer the case to the county of Wabasha.

*Bigelow, Flandrau & Squires,* for relator.

*Thomas Wilson,* for respondent.

BERRY J.* This is a proceeding in *mandamus,* which was pending in this court on and before the 7th day of March last, and in which there then was and now is an issue of fact which has not been finally heard or determined. The defendant is one of the towns of Wabasha county, and its attorney requests that the record in the proceeding be transmitted to the district court of that county, under the second proviso of chapter 40, Laws 1881.

These facts bring the defendant within the literal terms of the proviso, and the request must therefore be granted. Whatever difficulties are presented by the earlier portions of the chapter, the meaning of this proviso and its applicability to a case like this are clear. Evidently, it in some degree modifies the preceding portions of the chapter, and at the same time it is an independent provision, in itself completely providing for the particular cases mentioned in it. It is therefore of no importance, so far as its operation is concerned, whether the earlier parts of the chapter are intelligible or not. It requires this court to transmit "the record"—that is to say, the original papers in the given suit or proceeding, together with certified transcripts or copies of such proceedings in this court therein as are

---

*Gilfillan, C. J., and Clark, J., having been of counsel, did not sit in this case.

not evidenced by original papers—"to the district court of the proper county." By "proper county" it is quite probable that the intention was to refer to the county mentioned in the first part of the chapter, to wit, "the county in which the defendant may reside, or in which the material facts contained in the relation for the *mandamus* shall be alleged to have taken place;" but as, on account of a manifest imperfection in the enrolled statute, this reference is not entirely clear, we prefer to follow the analogy of the general provisions of statute in regard to the place of trial of civil actions, as found in Gen. St. 1878, c. 66, title 4, and therefore to hold that, according to the rule of section 49 of that chapter, the record in a case of this kind should be transmitted to the district court of the county where the defendants, or one of them, reside.

This defendant is a town of Wabasha county, which is, therefore, the county of its residence. As the proviso under which the present application is made expressly enacts that, upon the transmission of the record, the district court shall proceed to try the issues therein "in the same manner and with the same effect" as if the given suit or proceeding had been originally commenced therein, the suit or proceeding ceases after such transmission to be pending in this court, and therefore no serious difficulty or inconvenience can follow the sending down of the record.

We have no doubt of the power of the legislature to authorize a transfer of suits or proceedings in the manner and with the effect specified in the proviso under consideration. The original jurisdiction of this court in *mandamus* proceedings is such, and such only, "as may be prescribed by law." Constitution, art. 6, § 2. It may, therefore, be conferred, regulated, or taken away by law in any particular class or classes of cases, and, when it is taken away, it is certainly proper for the legislature to provide what shall be done with cases in which it has begun to be exercised. This is all we deem it necessary to say with reference to the present application.

The record in the case will be transmitted to the district court of Wabasha county.