### MORSE *v.* PITMAN.

A horse whose stumbling requires the constant remedy of a peculiar mode of shoeing that is not disclosed by his vendor, and cannot be discovered by the vendee using reasonable skill and diligence, is not surefooted within the meaning of a warranty in which the only excepted causes of stumbling are those of a temporary character.

ASSUMPSIT, for the price of a horse sold by the plaintiff to the defendant. Facts found by a referee.

The plaintiff warranted the horse sound, surefooted, and all right in every way, shape, and manner. The defendant claimed that the horse was a tripping or stumbling horse at the time of the sale, and so that there was a breach of the warranty.

The horse's pasterns or joints next to the hoofs of the forward feet are more upright than such joints in the average of horses, his right forward foot toes in slightly, and he is a close or low-gaited horse. The tendency of such things in a horse is to make him trip or stumble. This tendency can be increased or diminished by the manner of shoeing. The horse was six or seven years old, and had been used some three or four years at the time of the sale, and up to that time had not tripped or stumbled except perhaps from making a misstep occasionally as other horses do which have no infirmities or faults.

After the sale on the same day, while the horse was being driven from Plymouth to Laconia, he tripped several times, and did so on the next day when driven. He was shod June 2 and June 17, and the tripping was due to the manner in which he was shod on one or both of those occasions. He was also shod June 23 and June 25, while in the defendant's possession, but in such a manner as to aggravate rather than to diminish his tripping. At the time of the sale the horse was all right in every way, shape, and manner, except the matters above spoken of as being equally open to the observation of both parties, and he was surefooted if properly shod; but he was not properly shod, and because of such defective shoeing was not surefooted at that time.

The defendant, after inquiry, became satisfied that the horse was not surefooted, and within a reasonable time after the sale tendered it to the plaintiff, and did all that was necessary to rescind the contract for such a breach of warranty. He was not guilty of any negligence in his efforts to ascertain the cause of the tripping or stumbling, and to remedy the same. The plaintiff declined to receive the horse, and did not agree to the rescision of the contract. The horse was rendered less fit for service for the time being by said tripping or stumbling, but the same would be remedied by proper shoeing again. According to the understanding of the parties, tripping or stumbling arising from a temporary cause of this kind was not covered by the warranty.

Upon these facts the referee found that there was no breach of the warranty, and made a general finding for the plaintiff to recover the price agreed for the horse. The court ordered judgment for the plaintiff, and the defendant excepted.

*Burleigh & Adams*, for the plaintiff.

*E. A. Hibbard* and *C. A. Jewell*, for the defendant.

BINGHAM, J. The plaintiff warranted the horse sound, surefooted, and all right in every way, shape, and manner; but the parties understood that tripping or stumbling arising from a temporary cause like improper shoeing was not covered by the warranty.

The horse's joints next to the hoofs of the forward feet were more upright than in the average of horses, his right forward foot toed in slightly, and he had a close, low gait. He was surefooted when properly shod; but at the time of the sale he was not surefooted, by reason of defective shoeing, which rendered him less fit for service for the time being. The words "properly shod," as used in the referee's report, mean that the horse's organic peculiarities and low gait should be taken into the account in shoeing, so as to obviate their tendency to make him stumble, so far as possible.

The defendant, on learning that the horse stumbled, examined

him, and consulted a man who had doctored horses, and had had much experience in driving, training, and dealing in them, as to what occasioned the stumbling; he also had the horse shod twice by an experienced blacksmith under his direction, and " was not guilty of any negligence in his efforts to ascertain the cause of his tripping or stumbling, or to remedy the same;" and, becoming satisfied that the horse was not surefooted, within a reasonable time tendered him to the plaintiff, and rescinded the contract.

It appears, in substance, that the organic defect in the horse was of such a character that the defendant, possessed of ordinary knowledge of horses, acting in good faith, making all due inquiry, and guilty of no negligence in his efforts to ascertain the cause of the stumbling, and to remedy it, was unable to do so; and the question is, whether this defect comes within the warranty that the horse was surefooted, and all right in every way, shape, and manner. He was not surefooted at the time of the sale. He was not all right in every way, shape, and manner, for he had such organic defects that the defendant, in the use of all diligence, could not discover them and apply a remedy. Defects so obscure, so difficult to remedy, are not temporary within the understanding of these parties, but permanent.

*Judgment on the report for the defendant.*

ALLEN, J., did not sit: the others concurred.