(13 Misc. Rep. 398.)

## SPAULDING v. TUCKER & CARTER CORDAGE CO.

(City Court of Brooklyn, General Term.    June 24, 1895.)

1. MASTER AND SERVANT—GUARDING MACHINERY.
    Laws 1889, c. 560, § 6, providing that all cog wheels in a factory "shall be properly guarded," and making the factory owner liable for injuries to employés caused by failure to guard such cogs, does not impose any greater duty on the factory owner than the common law imposes on masters in regard to furnishing servants with a safe place to work.

2. SAME—ENFORCEMENT OF FACTORY ACT.
    A legislative intent to vest a factory inspector, appointed under Laws 1889, c. 560, with discretion to designate the specific requirements to be enforced, is shown by the title of the act, which provides for the appointment of inspectors to enforce it; by the necessity of vesting such discretion

in some one; by the use of the phrase "in the discretion of the inspector" in section 6, which requires all cog wheels, etc., to be properly guarded; and by the amendment of section 6 (Laws 1892, c. 673, § 8), authorizing the inspector to prohibit the use of the machinery until "the required safeguards are provided."

Action by John Spaulding, by his guardian ad litem, against the Tucker & Carter Cordage Company. A motion for nonsuit was granted, and plaintiff's exceptions were ordered to be heard at general term in the first instance. Overruled.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Chas. J. Patterson, for plaintiff.
Cannon & Atwater, for defendant.

VAN WYCK, J. A motion for nonsuit herein was granted, and the plaintiff's exceptions thereto ordered to be heard in the first instance at general term. The plaintiff, a lad of 16, employed in a ropewalk, tripped on one of the rails of the track upon which the twisting machine traveled, and in falling he extended his hand towards the machine, in the cogwheels of which it was caught and badly mangled. He was not employed to work upon the machine, but to spread the strands along the ropewalk, for those in charge of the machine to then attach them thereto, and twist into a finished rope, and it can be fairly inferred from the evidence that this duty required him to hold the completed rope taut while it was being reeled on a drum. The plaintiff's counsel, on the oral argument herein, acquiesced in the assumption that the case of Buckley v. Manufacturing Co., 113 N. Y. 540, 21 N. E. 717, virtually settled this exception adversely to him, unless the law thereof was changed by Laws 1889, c. 560, § 6. The purpose of this statute, according to its title, was to regulate the employment of women and children in factories, and to provide for the appointment of inspectors to enforce its provisions. The plaintiff insists that defendant neglected to comply with the provision that "all * * * cogs * * * shall be properly guarded," and that such failure made defendant liable, or furnished such additional element of negligence as to carry that question to the jury, notwithstanding the decision in Buckley v. Manufacturing Co. Did the defendant fail to comply with such provision? is a question which can only be answered after determining what the words "shall be properly guarded" mean. Do they signify any more than the performance of the duty imposed by the antecedent or common law upon the employer towards his employé, viz. the duty of exercising reasonable care to furnish his employé with reasonably competent and careful fellow servants, a reasonably safe place to work in, and reasonably safe tools, implements, and machinery to work with or upon? The expression "properly guarded" must be interpreted in the light of what the then existing law deemed to be proper for an employer to do under the circumstances. It was "properly guarded" if it was so guarded as to meet the demands or requirements of reasonable care. There is no proof that the cogs in question could have been guarded in any manner that would have tended to make them safer for those

working around the machine without preventing the use of the same. This provision devolves no greater duty upon the master than the common law did. Freeman v. Mill Co., 70 Hun, 530, 534, 24 N. Y. Supp. 403. That duty has been performed. Buckley v. Manufacturing Co., supra. Of course, if this statute had prescribed that no cogs should be used except such as could be completely boxed in from sight and touch, then another question would have been presented. It is not perfectly clear that the clause, "in the discretion of the inspector," does not qualify that in relation to the cogs; and, if this be so, then the latter would be inoperative until such discretion had been exercised. A legislative intent to vest the inspector with a discretion to designate, within certain limitations, the specific requirements to be enforced in relation to the special machine or appliance, is suggested—First, by the title,— to regulate the employment of women and children in manufacturing establishments, and the enforcement of same by inspectors; second, by the necessity of vesting such discretion in some one, owing to the impossibility of naming in a statute the specific safeguards to be applied to each part of every one of the many thousand kinds of machinery; third, by the use of the phrase, "in the discretion of the inspector," in the section in question; and, fourth, by the amendment of this section (Laws 1892, c. 673, § 8) authorizing the inspector to prohibit the use of any machinery till "the required safeguards are provided." There is no conflict between our views and those of the court in Simpson v. Rubber Co., 80 Hun, 416, 30 N. Y. Supp. 339, for the only question passed upon in that case was whether an employé could waive the neglect of his employer to provide the safeguards required by the statute. The exceptions must be overruled, and judgment ordered for defendant, with costs.