IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1907,
IN THE NINETY-FIRST AND NINETY-SECOND
YEARS OF THE STATE.

---

### HARLIN *v.* SCHAFER, SHERIFF.

[No. 21,039. Filed June 27, 1907.]

1. CONSTITUTIONAL LAW.—*Statutes.—Amendments.—Original Acts.*—A statute which has the effect of amending an existing statute, but which purports to be an original act, is not invalid as in conflict with the Constitution (Art. 4, §21), requiring the amended act to be set forth in an amending statute. p. 2.

2. SAME.—*Statutes.—Partly Void.—Officers.—Additional Duties.—Fees and Salaries.*—An act imposing additional duties upon public officers and giving additional compensation therefor, may be valid, even though the provision for increased compensation be void. p. 2.

3. SAME. — *Statutes. — Local.—Partly Void.—Courts.—Fees.*—The statute (Acts 1907, p. 7, §§1574-1595 Burns 1908) creating superior courts for two counties and providing that the fees collected shall be paid into the county treasuries to reimburse such counties for the expenses of such courts, is not invalid on the ground that such statute is local, since if such provisions as to the disposition of fees are void, the remainder of the act will not be invalidated. p. 2.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Suit by Albert G. Harlin against David B. Schafer, as sheriff of St. Joseph county. From a decree for defendant, plaintiff appeals. *Affirmed.*

*Stuart MacKibben* and *D. M. Shively,* for appellant.

*Anderson, Parker & Crabill,* for appellee.

GILLETT, J.—The theory of appellant's complaint in this suit is that the act creating the Elkhart and St. Joseph Superior Courts (Acts 1907, p. 7, §§1574-1595 Burns 1908) is unconstitutional, and that therefore appellant is entitled to have said act treated as a nullity as to St. Joseph county. The principal questions presented by this appeal have but recently been decided adversely to appellant. *Board, etc.,* v. *Albright* (1907), 168 Ind. 564. It is urged, however, that the section concerning the compensation of the clerk and sheriff is invalid, because the section, in effect, amends the fee and salary act without complying with the provisions of §21, article 4, of the Constitution. The section does not purport to be an amendment, but to give additional compensation for new duties. The constitutional provision referred to does not apply to such an enactment. See *Spencer* v. *State* (1854), 5 Ind. 41; *Branham* v. *Lange* (1861), 16 Ind. 497; *Blakemore* v. *Dolan* (1875), 50 Ind. 194; *Barton* v. *McWhinney* (1882), 85 Ind. 481; *State* v. *Gerhardt* (1896), 145 Ind. 439, 33 L. R. A. 313; Cooley, Const. Lim. (7th ed.), 216. We have twice decided, however, that an act of this character should be upheld even if invalid as to the provision for such compensation. *Woods* v. *McCay* (1896), 144 Ind. 316, 33 L. R. A. 97; *Swartz* v. *Board, etc.* (1902), 158 Ind. 141.

It is further contended that the act is invalid as attempting, by local law, to create a special fund for the payment of the expenses of the court. The fees go into the treasury, and, even if the provision that they are to be applied to reimburse the county were regarded as void, that body would still, by the clearest implication of the remaining portions of said act, be chargeable with such expenses. In this view it appears that the provision referred to is nonessential to the general legislative scheme.

Judgment affirmed.