## David H. Greenberg, Administrator, Defendant in Error, v. Edward Conrad et al., trading as Conrad & Wetzel, Plaintiffs in Error.

### Gen. No. 6,856.

1. WORDS AND PHRASES—*"properly."* The word "properly" in a declaration alleging that a person "was lawfully and properly riding a bicycle in a certain public street," includes the exercise of due care by such person.

2. NEGLIGENCE, § 126*—*declaration as alleging freedom from contributory negligence.* A declaration alleging that deceased "was lawfully and properly riding a bicycle in a certain public street" charges in legal effect that such person was in the exercise of due care.

3. AUTOMOBILES AND GARAGES, § 3*—*declaration as charging excessive speed.* A declaration alleging that defendants' automobile was negligently, wrongfully and improperly driven includes the element of excessive speed.

4. AUTOMOBILES AND GARAGES, § 2*—*negligence of driver.* Evidence that an automobile was driven in the street at a speed of 25 to 30 miles per hour, and that no gong was sounded until the automobile was just upon a person riding a bicycle in the same direction in full view of the driver of the automobile, and that the driver just before striking the rider on the bicycle, threw in the clutch and speeded up, warranted the jury in finding such driver guilty of negligence.

5. AUTOMOBILES AND GARAGES, § 2*—*contributory negligence as question for jury.* Where an automobile was driven in the street at excessive speed and did not sound its gong until right upon a bicycle rider in plain sight, it is a question for the jury whether such bicycle rider was guilty of contributory negligence in turning to the left instead of to the right when confronted with the sudden danger.

6. NEGLIGENCE, § 234*—*preponderance of evidence.* An instruction which stated in effect that plaintiff, in an action for negligence causing death, must prove his case by the greater weight of evidence, and that if the evidence bearing on his case "as alleged in his declaration" preponderates in his favor, though slightly, it will be sufficient to find in his favor, is not erroneous, where other instructions told the jury that no recovery could be had unless the deceased was exercising ordinary care for his own safety.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

7. INSTRUCTIONS, § 151*—*when refusal to give not error.* It is not error to refuse instructions fully covered by others which were given or ·to refuse instructions which are long, involved and argumentative.

Error to the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed March 17, 1921. Rehearing denied May 3, 1921.

COOKE, POPE & POPE and E. M. RUNYARD, for plaintiffs in error.

BUSCH, LEESMAN & ROEMER and ERNEST W. CLARK, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On October 2, 1918, Nels C. Thomsen was riding a bicycle and driving east on Washington street in the City of Waukegan,. which was a residence and business street, when he was struck by the right fender of an automobile ambulance or hearse, owned by Conrad & Wetzel and driven at that time by their servant, Carl Fick, engaged in their business. Thomsen was thrown to the ground and both right wheels of the ambulance passed over him and he died the next day from said injuries. He left surviving him a widow and three children, aged 12, 10, and 6 years, respectively. The administrator of his estate brought this suit for their benefit against Conrad & Wetzel and on a jury trial had a verdict for $5,000. Motions by defendants for a new trial and in arrest of judgment were denied. Plaintiff had judgment on the verdict and defendants have sued out this writ of error to review the record.

Plaintiff filed a declaration of three counts on which issues were joined. He afterwards filed two addi-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tional counts which were stricken from the record. Defendants contend that the declaration did not state a cause of action, even defectively, and that their motion in arrest of judgment should have been sustained. The declaration did not expressly aver that deceased was in the exercise of due care for his own safety. It did aver in each count that Thomsen "was lawfully and properly riding a bicycle in a certain public street," etc. Assuming that defendants are correct in their argument that the word "lawfully" does not include in its meaning that Thomsen was in the exercise of due care for his own safety, the question still remains what meaning is to be attributed to the word "properly." In *City of Mattoon v. Faller*, 217 Ill. 273, a requirement that the city "properly" repair its sidewalks was held to require only that it should make them reasonably safe for the use of the traveling public. In *Southern Ry. Co. v. DePauw* (Ind. App.), 90 N. E. 27, an interrogatory propounded to a jury required an answer whether certain locomotives were "run and operated properly." It was held that the word "properly" in that connection meant the opposite of "negligently," and that the word "properly" was used in that connection as the antonym of "negligently." In *State v. Louisville & N. R. Co.*, 177 Ind. 553, 96 N. E. 340, many cases are cited showing the meanings attributed by the courts to the word "properly," and among others, *Missouri, K. & T. Ry. Co. v. Chittim*, 24 Tex. Civ. App. 599, 60 S. W. 284, is cited as holding that "properly" handled and transported implies handled with reasonable care; and also *Spaulding v. Tucker & Carter Cordage Co.*, 13 N. Y. Misc. 398, 34 N. Y. Supp. 237, as holding that "properly guarded," spoken of dangerous machinery, means so as to meet the demands of reasonable safety. In *Davis v. Town of Guilford*, 55 Conn. 351, 11 Atl. 350, where there was a finding that a certain load of straw and hay was "properly

placed," it was held that this meant carefully and prudently placed. We conclude that it is in harmony with the foregoing authorities and with the meaning naturally to be attributed to the word "properly" used in the connection stated in this declaration to hold that it includes the exercise of due care by Thomsen as he rode along said street, which it was his duty to do. We therefore hold that the declaration and each count thereof did in legal effect charge that Thomsen was in the exercise of due care. It is therefore unnecessary to inquire whether said declaration was good in that respect after verdict.

Defendants contend that their driver was not guilty of the negligence charged. Each count charged that said automobile was so negligently, wrongfully and improperly managed and driven that it was caused to run upon and over said Thomsen, inflicting the injuries from which he died. The second count also charged that it was driven on the wrong side of the street. The third count charged also that it was so driven without sounding any bell or horn, in violation of the statute. A witness for plaintiff who professed to be familiar with the speed of automobiles testified that this automobile was being driven at a speed of 25 or 30 miles per hour. Fick gave a less rate of speed. Defendants contend that excessive speed was not charged in the declaration and no recovery could be had therefor. We are of opinion that the general language in the declaration charging negligent operation, management and driving of the automobile included the element of speed. There was other evidence tending to show that the speed was excessive and in violation of the statute. There was a street car line in the street, apparently in the middle. Two automobiles were going east on the south side of the street, one hauling the other. Thomsen was further north than they but south of the street car track. It is clear that he did not know defendants' car was

approaching from behind. He was naturally looking ahead and also towards these automobiles on the south side of the street. Fick had Thomsen full in view before him and saw him. There was considerable evidence for the plaintiff tending to show that no gong was sounded by Fick. There was evidence that a gong was sounded. There was further evidence that it was not sounded until the automobile was just upon Thomsen and his bicycle. We are of opinion that the evidence justified the conclusion that the latter statement was true. Just before Fick struck Thomsen's bicycle Fick put his foot upon the accelerator and threw in the clutch, which he had just detached, and speeded up. We are of opinion that the evidence warranted the jury in finding that under all these circumstances Fick was negligent.

Defendants contend that Thomsen was guilty of contributory negligence. Just before the automobile struck the bicycle Thomsen turned it to the left and went across the street car tracks. It is contended that he should have turned to the right and that his thus turning directly in front of the automobile was such negligence on his part as to bar a recovery. It is clear from all the evidence that Thomsen first learned of the approach of this automobile behind him when the gong first sounded when the automobile was right upon him. It was said in *Wesley City Coal Co. v. Healer,* 84 Ill. 126: "It has long been settled, that a party having given another reasonable cause for alarm cannot complain that the person so alarmed has not exercised cool presence of mind, and thereby find protection from responsibility from damages resulting from the alarm." In *Dunham Towing & Wrecking Co. v. Dandelin,* 143 Ill. 409, the same doctrine was stated, and numerous authorities are there reviewed to that effect. In *Asmossen v. Swift & Co.,* 243 Ill. 93, and in *Loescher v. Consolidated Coal Co.,* 259 Ill. 126, the same doctrine is stated. We are of

opinion that the evidence warranted the jury in find-
ing that that rule is applicable to the facts in this
case, and that it was a question of fact for the jury
whether Thomsen was acting with due care under the
circumstances of the sudden danger which confronted
him, and that the jury were warranted in finding that
he was not guilty of contributory negligence. It is
held in *Mueller v. Phelps,* 252 Ill. 630, that the ques-
tion of contributory negligence is ordinarily one for
the jury and only becomes a question of law for the
court when the undisputed evidence is so conclusive
that it is clear the injury resulted from the negligence
of the party injured and could have been avoided by
his use of reasonable care. We hold that the evidence
is such that the finding of the jury on that subject
cannot be disturbed. It was held in *Graham v. Hag-
mann,* 270 Ill. 252, that the duty of a person situated
as Thomsen was is not greater than the duty resting
on the driver of an automobile to be watchful for
travelers in other vehicles in order to avoid injuring
them.

Defendants complain of the instructions given for
plaintiff. They are not numbered in the record or
abstract and it is difficult to refer to them. The
first instruction said that plaintiff was required to
prove his case by the greater weight of the evidence
and that if the evidence bearing on plaintiff's case
"as alleged in his declaration" preponderates in favor
of plaintiff, though slightly, it will be sufficient for the
jury to find the issues in his favor. If we are cor-
rect in the meaning we have above attributed to the
declaration, the instruction was correct. Moreover,
it did not direct a verdict. It did not state what the
declaration charged. The record does not show that
the jury took the declaration with them when they
retired to consider their verdict. Other given instruc-
tions, both for plaintiff and for defendants, repeatedly
told the jury that plaintiff must show that at and

before the time of the accident Thomsen was exercising ordinary care for his own safety. In an instruction given for defendants the jury were told that plaintiff could not recover unless the jury found he had a preponderance of evidence to support three propositions, one of which was that "the plaintiff's intestate was not at the time of the accident guilty of any failure to exercise ordinary care for his own safety, which approximately contributed to his injury." The jury were therefore sufficiently instructed on that subject, and there was no error in giving plaintiff's first instruction. Plaintiff's second instruction was not subject to criticism.

Defendants contend that the court erred in refusing three instructions which they offered. The first and second of said refused instructions were fully embodied in the given instructions. Defendants' third instruction was long, involved and argumentative and was properly refused.

We find no reversible error in the record. The judgment is therefore affirmed.

*Affirmed.*